# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**RONNIE KNIGHT, JR.,**

   **Petitioner,**

**v.**              Civil Action No. 3:16-CV-124
                  (GROH)

**STEVEN KALLIS, Warden,**
**FCI Hazelton,**

   **Respondent.**

## REPORT AND RECOMMENDATION

## I. INTRODUCTION

The Petitioner, acting *pro se*, initiated this habeas corpus proceeding on August 26, 2016, pursuant to 28 U.S.C. § 2241, seeking placement in a Residential Reentry Center following his probation revocation. ECF No. 1[1] at 5, 8.

On September 9, 2016, Petitioner paid the $5.00 filing fee. ECF No. 4. On February 23, 2017, the respondent was ordered to show cause why the petition should not be granted. ECF No. 14. On March 10, 2017, the Court granted the respondent an extension of time to file a response to the petition. ECF No. 18. On April 11, 2017, the respondent filed a Motion to Dismiss, and a Memorandum in support thereof. ECF Nos. 24, 25. On April 25, 2017, a <u>Roseboro</u> notice was issued to Petitioner. ECF No. 26. On May 5, 2017, a return receipt was filed with the Clerk, which receipt shows that Petitioner accepted service of the Roseboro notice on May 3, 2017. ECF No. 27.

---

[1] ECF Numbers cited herein refer to case number 3:16-CV-124 unless otherwise noted.

Petitioner did not file any response following his receipt of the Roseboro notice. This case is now before the undersigned for a preliminary review and report and recommendation pursuant to 28 U.S.C. §§ 636, 1915A and Local Rule of Prisoner Litigation P 2.

## II. FACTUAL AND PROCEDURAL HISTORY

On December 3, 2014, Petitioner was sentenced to 24 months of probation following his conviction in the Western District of Pennsylvania for "Possession with Intent to Distribute and Distribution of <500 Grams of Cocaine and <28 Grams of Cocaine Base." W.D.Pa. 1:12-CR-40-2 ECF No. 79. By order entered June 7, 2016, Petitioner was found to have violated his probation and was incarcerated for a period of fourteen months. W.D.Pa. 1:12-CR-40-2 ECF No. 111.

Petitioner was housed at the Federal Correctional Complex Hazelton ("Hazelton") in Bruceton Mills, West Virginia, from June 27, 2016 through October 18, 2016. ECF No. 25-1 at 2. On July 25, 2016, Hazelton staff determined that Petitioner should be transferred to a Residential Reentry Program for up to 90 days. A month later, on August 26, 2016, Petitioner filed the instant action which raises a single ground, that the BOP "unlawfully denied my transfer placement to a Residential Reentry Center for six months." ECF No. 1 at 5. For relief, he asks for placement in a Residential Reentry Center for six months. Id. at 8. On October 18, 2016, Petitioner was transferred from Hazelton to FCI Elkton in Lisbon, Ohio, where he remained until March 13, 2017. ECF No. 25-1 at 3. On March 13, 2017, Petitioner was placed in a Residential Reentry Program in Cincinnati, Ohio. ECF No. 25-1.

2

On April 11, 2017, the Respondent filed a motion to dismiss or in the alternative for summary judgment, arguing that: (1) the petition was moot following Petitioner's release to a Residential Reentry Program; (2) Petitioner failed to exhaust his administrative remedies; and (3) the BOP properly considered the factors necessary to place an inmate in a Residential Reentry Center.  ECF No. 25.  On June 12, 2017, Petitioner was released from federal custody without further supervision.

### III.  STANDARD OF REVIEW

**A.  Motion to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a case when a complaint fails to state a claim upon which relief can be granted.  The Federal Rules of Civil Procedure require only, "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited, "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46.

Plaintiff is proceeding *pro se* and therefore the Court must liberally construe her pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 - 1 (1972) (per curiam); Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197 (2007).  Although a complaint need not contain detailed factual allegations, a plaintiff's obligation in pleading, "requires more than labels and conclusions, and a formulaic

3

recitation of the elements of a cause of action will not do...." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face."  Id. at 555, 570.  In Twombly, the Supreme Court found that, "because the plaintiffs [ ] have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed."  Id. at 570.  *Thus, to* survive a motion to dismiss, a plaintiff must state a plausible claim in his complaint which is based on cognizable legal authority and includes more than conclusory or speculative factual allegations.

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss."  Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," because courts are not bound to accept as true a legal conclusion couched as a factual allegation.  Id. at 678.  "[D]etermining whether a complaint states a plausible claim . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at 679. Thus, a well-pleaded complaint must offer more than, "a sheer possibility that a defendant has acted unlawfully," in order to meet the plausibility standard and survive dismissal for failure to state a claim.  Id. at 678.

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses."  Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)).  In considering a motion to dismiss for failure to state a

claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

**B.     Case or Controversy Requirement**

The Supreme Court has clearly stated that a federal court only has jurisdiction to address a matter when there is an ongoing case or controversy. "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496 (1969). The Court more fully addressed this issue in Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477–78, (1990)(citations omitted) holding:

> Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies. To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision. Article III denies federal courts the power "to decide questions that cannot affect the rights of litigants in the case before them," and confines them to resolving "'real and substantial controvers[ies] admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'" This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. To sustain [ ] jurisdiction . . . it is not enough that a dispute was very much alive when suit was filed, or when review was obtained in the Court of Appeals. The parties must continue to have a "'personal stake in the outcome'" of the lawsuit.

Consistent with the holdings of the Supreme Court, the Fourth Circuit has restated the case and controversy requirement:

> To be cognizable in a federal court, a suit must be a "real and substantial controversy admitting of specific relief of a conclusive character, as distinguished from an opinion

5

> advising what the law would be on a hypothetical state of facts." A case is moot if the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome. "[M]oot questions require no answer," and federal courts are without jurisdiction to answer them because federal courts do not have the power to issue advisory opinions. These requirements of the mootness doctrine are rooted in Article III of the Constitution, and extend to appellate review, whether or not the parties have raised the issue.

Giovanni Carandola, Ltd. v. City of Greensboro, 258 F. App'x 512, 515 (4th Cir. 2007) (citations omitted). Recently, in Rose v. Berryhill, No. 16-2377, 2017 WL 3309770 (4th Cir. Aug. 3, 2017), the Fourth Circuit again addressed courts' lack of jurisdiction where a case or controversy has become moot. "Mootness principles derive from the requirement in Article III of the Constitution that federal courts may adjudicate only disputes involving a case or controversy." 2017 WL 3309770, at *1, quoting Williams v. Ozmint, 716 F.3d 801, 808 (4th Cir. 2013). The Fourth Circuit reiterated that, "A change in factual circumstances can moot a case on appeal, such as when the plaintiff receives the relief sought in his or her claim, or when an event occurs that makes it impossible for the court to grant any effectual relief to the plaintiff." Id. (quoting Williams 716 F.3d at 809). The Court instructed that, "[i]f a live case or controversy ceases to exist after a suit has been filed, the case will be deemed moot and dismissed for lack of standing." Id. (quoting Pender v. Bank of Am. Corp., 788 F.3d 354, 368 (4th Cir. 2015)).

IV. ANALYSIS

Article III of the United States Constitution limits the jurisdiction of the federal courts to ongoing cases or controversies. Therefore, a case becomes moot when there is no viable legal issue left to resolve. Powell v. McCormick, 395 U.S. 486, 496 (1969).

"If developments occur during the course of a case which eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief requested, the case must be dismissed as moot." Blanciak v. Allegheny Ludlum Co., 77 F.3d 690, 698-699 (3d Cir. 1996).

In his petition, the petitioner alleges that the BOP unlawfully denied his transfer to a Residential Reentry Center. As evidenced by the materials and declarations supplied by the respondent, following his placement at Hazelton on June 27, 2016, the Petitioner was evaluated by Hazelton staff and determined to be appropriate for Residential Reentry Center placement on July 25, 2016. ECF No. 25-1 at 2, 21. Petitioner's Institutional Referral for RRC Placement form was executed on July 25, 2016 by David Wilson, acting warden at Hazelton, and emailed to appropriate authorities in the Cincinnati, Ohio Community Corrections office on July 26, 2016. ECF No. 25-1 at 21. Thereafter, on October 18, 2016, Petitioner was transferred to a federal correctional institution in Ohio, from which institution Petitioner was transferred to the Residential Reentry Center in Cincinnati on March 13, 2017.

This change in circumstances has led to Petitioner receiving the relief he sought in his petition for habeas corpus, and has made it impossible for this Court to grant any other effectual relief. Because Petitioner sought release to a Residential Reentry Center which remedy has already been administratively granted, the sole issue raised in his petition is now moot. Petitioner did not raise any other issues in his Petition for relief. Accordingly, because pursuant to Federal Rule of Civil Procedure 12(b)(6), Petitioner cannot state a claim upon which relief can be granted, this matter is appropriate for dismissal. Having determined the petition to be moot, the undersigned

has not considered the other arguments raised by the Respondent in his motion to dismiss.

## V. **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition [ECF No. 1] be **DISMISSED** and the respondent's Motion to Dismiss [ECF No. 24] be **GRANTED**.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985); Wells v. Shriners Hosp., 109 F.3d 198 (4th Cir 1997).

This Report and Recommendation completes the referral from the District Court. The Clerk is directed to terminate the Magistrate Judge association with this case.

The Clerk of the Court is directed to send a copy of this Order to the Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet and to counsel of record via electronic means.

DATED: September 14, 2017

/S/ *Michael John Aloi*
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE
JUDGE